```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
EVAN SPENCER LAW, PLLC,                                          :
                                                                 :
                               Plaintiff,                        :
                                                                 :            25-cv-7665 (LJL)
             -v-                                                 :
                                                                 :            OPINION AND ORDER
CONNOR ORR and ORR LAW GROUP, PLLC,                              :
                                                                 :
                               Defendants.                       :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/9/2025

LEWIS J. LIMAN, United States District Judge:

Defendants Connor Orr ("Orr") and the Orr Law Group, PLLC ("Orr Law," and with Orr, "Defendants") move, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) and 28 U.S.C. §§ 1404(a) and 1406(a), for an order dismissing this case for lack of personal jurisdiction and improper venue or, alternatively, for an order transferring this action to the United States District Court for the District of Nebraska. Dkt. No. 8. For the following reasons, Defendants' motion to dismiss for lack of personal jurisdiction is granted.

## BACKGROUND

This case arises out of two lawsuits filed and prosecuted in Nebraska. Plaintiff Evan Spencer Law, PLLC, is a Manhattan law firm organized as a New York professional limited liability company. Dkt. No. 1 ¶¶ 108–09. Orr Law is a Nebraska law firm founded by Orr, a Nebraska attorney, in 2024. *Id.* ¶¶ 110–11; Dkt. No. 10 ¶ 6.

On April 1, 2025, Plaintiff filed a lawsuit in the United States District Court for the District of Nebraska on behalf of its clients and against over fifty defendants (the "Federal Lawsuit"). Dkt. No. 1 ¶¶ 11, 38–39, 53. The lawsuit was based on illegal activities alleged to have taken place at a strip club and nearby lounge in Omaha, Nebraska. *Id.* ¶¶ 1, 50, 54. Three

of the defendants named in the Federal Lawsuit were represented by Defendants. *Id.* ¶ 54.

Defendants responded by filing their own complaint in early April 2025 and an amended complaint on April 22, 2025 in the District Court of Douglas County, Nebraska against Plaintiff and Plaintiff's clients (the "State Court Lawsuit"). *Id.* ¶¶ 58, 117, 148. The State Court Lawsuit charged Plaintiff and its clients with making statements that were "slanderous, libelous, and defamatory." *Id.* ¶ 81. The State Court Lawsuit asserted claims for libel, slander, defamation, trespass, false light invasion of privacy, civil conspiracy, tortious interference, and deceptive trade practices. *Id.* ¶ 149. Plaintiff alleges that Defendants filed the State Court Lawsuit for the "purpose of forcing Plaintiff to dismiss their [sic] legitimate federal lawsuit against Defendants' clients and . . . [to] subject[] Plaintiff to tens of thousands of dollars . . . in unnecessary legal fees." *Id.* ¶ 113; *see also id.* ¶ 154. After Defendants filed the State Court Lawsuit, Plaintiff's co-counsel in the Federal Lawsuit—an Omaha law firm—withdrew from the case. *Id.* ¶¶ 135–36, 158. In addition, one of Plaintiff's clients requested to be removed from the case, *id.* ¶ 140, and other prospective plaintiffs decided not to join the case, *id.* ¶ 156. Plaintiff claims that the State Court Lawsuit forced Plaintiff to incur over $30,000 in legal expenses and to spend numerous hours preparing a defense, and that the lawsuit severely undermined Plaintiff's Federal Lawsuit. *Id.* ¶ 171.

Plaintiff ultimately dismissed Defendants' clients from the Federal Lawsuit, *id.* ¶¶ 73, 96, and, after Plaintiff filed a motion to dismiss in the State Court Lawsuit, Defendants dismissed their own claims with prejudice, *id.* ¶¶ 97, 99, 123.

## PROCEDURAL HISTORY

On September 16, 2025, Plaintiff filed suit in this Court asserting claims for abuse of process, *id.* ¶¶ 112–30, tortious interference with contracts, *id.* ¶¶ 131–43, violations of the New

2

York anti-SLAPP law, *id.* ¶¶ 144–59, defamation by libel and slander, *id.* ¶¶ 160–65, and negligence, *id.* ¶¶ 166–72.

Defendants filed this motion to dismiss on October 28, 2025. Dkt. No. 8. Defendants supported their motion with a memorandum of law and declarations from Eric Weissman and Connor Orr. Dkt. Nos. 9–11. Plaintiff filed a memorandum of law in opposition to the motion along with a declaration from Evan Spencer on November 18, 2025. Dkt. Nos. 13–14. On November 24, 2025, Defendants filed a reply memorandum of law in further support of their motion. Dkt. No. 15.

## DISCUSSION

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). "[T]he showing a plaintiff must make to defeat a defendant's claim that the court lacks personal jurisdiction over it 'varies depending on the procedural posture of the litigation.'" *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). If an evidentiary hearing has not been held, a plaintiff need make only a prima facie showing by its pleadings and affidavits that jurisdiction exists. *Id.* at 85. This prima facie showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Id.* (quoting *Ball*, 902 F.2d at 197).

Assessing personal jurisdiction over a non-domiciliary requires a two-part inquiry. *See Multi Access Ltd. v. Guangzhou Baiyunshan Pharm. Holdings Co.*, 2024 WL 3498180, at *5 (S.D.N.Y. July 22, 2024). First, the Court considers whether there is a basis for personal jurisdiction under the laws of the forum state—here, New York. *Id.*; *Chloé v. Queen Bee of*

3

*Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010); *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006).  Second, the Court examines whether exercising personal jurisdiction would comport with constitutional due process.  *See Licci ex rel Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 168 (2d Cir. 2014); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002).

"In New York, there are two ways to establish personal jurisdiction over a defendant: (1) 'general jurisdiction' under N.Y. C.P.L.R. § 301; and (2) 'specific jurisdiction' under N.Y. C.P.L.R. § 302."  *Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 103 (S.D.N.Y. 2015).  General jurisdiction exists under C.P.L.R. 301 if the defendant is domiciled in New York or has "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction."  *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990) (quoting *McGowan v. Smith*, 419 N.E.2d 321, 323 (N.Y. 1981)).  C.P.L.R. 302 provides for specific jurisdiction where a non-domiciliary in person or through an agent:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; . . . .

N.Y. C.P.L.R. 302(a).[1]

The complaint does not allege facts that would give rise to general personal jurisdiction. Defendants are alleged to be a Nebraska law firm and a Nebraska attorney with offices in Nebraska. Dkt. No. 1 ¶¶ 110–11. Orr Law does not solicit business within New York, does not have clients or market to ones who reside in the state, and does not have any legal cases or matters pending in the state. Dkt. No. 10 ¶¶ 9–12. Orr has not traveled to New York since he visited for an ice hockey tournament when he was an 18-year-old high school student, does not own any property in the state, does not perform any legal services for any person or company here, and does not transact any individual non-firm business in New York. *Id.* ¶¶ 13–16. Given these facts, Plaintiff appropriately concedes that the Court lacks general jurisdiction over Defendants. *See* Dkt. No. 13 at 2 (acknowledging that "this Court does not have general jurisdiction over Defendants").

The Court likewise lacks specific personal jurisdiction over Defendants, as Plaintiff fails to identify a provision of C.P.L.R. 302 that would permit the Court to exercise such jurisdiction.

First, to establish personal jurisdiction under C.P.L.R. 302(a)(1), "Plaintiff must allege that (1) Defendant[s] ha[ve] 'transacted business' in New York, and (2) the claim asserted arises from that business activity." *Guglielmo v. JEGS Auto., Inc.*, 2021 WL 1026168, at *3 (S.D.N.Y. Mar. 17, 2021) (quoting *Eades v. Kennedy PC Law Offs.*, 799 F.3d 161, 168 (2d Cir. 2015)). Under this first prong of the test, a defendant who is not domiciled in New York need not be

---

[1] Sections 302(a)(2) and (a)(3) exclude from their scope causes of action for "defamation of character." N.Y. C.P.L.R. 302(a)(2), (a)(3); *see Lively v. Wayfarer Studios LLC*, 2025 WL 3085598, at *6 (S.D.N.Y. Nov. 5, 2025). This exclusion likely applies to at least some of Plaintiff's claims. However, Defendants do not rely upon this exclusion, and the Court therefore does not otherwise address it.

physically present in the state to "transact business," "so long as the defendant has engaged in 'purposeful activity,' for example, 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 362 (S.D.N.Y. 2020) (quoting *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246–47 (2d Cir. 2007)), *adhered to in part on reconsideration*, 2020 WL 5350541 (S.D.N.Y. Sept. 4, 2020). Plaintiff has not alleged that Defendants have engaged in any activity within New York or otherwise purposefully availed themselves of the state's laws. The complaint alleges that Defendants filed a lawsuit in Nebraska state court relating to activities taking place in the Nebraska. The Court does not have personal jurisdiction under C.P.L.R. 302(a)(1).

Second, C.P.L.R. 302(a)(2) provides for personal jurisdiction over a defendant who "commits a tortious act [other than defamation of character] within the state" if the cause of action arises from that activity. N.Y. C.P.L.R. 302(a)(2). "[F]or jurisdiction to attach under this subsection, a defendant's tortious act must have occurred while the defendant [or its agent] was physically present in New York." *Krisko v. Marvel Ent., LLC*, 473 F. Supp. 3d 288, 299 (S.D.N.Y. 2020); *accord Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*, 763 F. Supp. 3d 618, 634 (S.D.N.Y. 2025). Plaintiff does not allege that Defendants or their agents were ever physically present in New York. Therefore, the Court does not have personal jurisdiction over them under C.P.L.R. 302(a)(2).

Finally, C.P.L.R. 302(a)(3) "provides that a New York court will have personal jurisdiction over an out-of-state defendant who 'commits a tortious act without the state causing injury to person or property within the state' under one of two circumstances: 'if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives

6

substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or owns, uses or possesses any real property situated within the state.'" *Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*, 2024 WL 1533189, at *10 (S.D.N.Y. Apr. 8, 2024) (quoting N.Y. C.P.L.R. 302(a)(3)). To establish jurisdiction under subsection (a)(3)(ii), a plaintiff must allege that "(1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 946 N.E.2d 159, 162 (N.Y. 2011). "It is well-settled that 'residence or domicile of the injured party within [New York] is not a sufficient predicate for jurisdiction' under section 302(a)(3)." *Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 218 (2d Cir. 2013) (quoting *Fantis Foods, Inc. v. Standard Importing Co.,* 402 N.E.2d 122, 126 (N.Y. 1980)). Similarly, "the Second Circuit has made clear that 'the [plaintiff's] suffering of economic damages in New York is insufficient, alone, to establish a direct injury in New York for [C.P.L.R.] 302(a)(3) purposes." *Giana v. Shein Distrib. Corp.*, 2024 WL 4362749, at *3 (S.D.N.Y. Oct. 1, 2024) (quoting *Troma Ent., Inc.*, 729 F.3d at 218). Rather, New York courts "generally apply a situs-of-injury test, which asks them to locate the 'original event which caused the injury.'" *Bank Brussels Lambert*, 171 F.3d at 791 (quoting *Hermann v. Sharon Hosp., Inc.,* 522 N.Y.S.2d 581, 583 (2d Dep't 1987)). "[T]he 'original event' occurs 'where the first effect of the tort . . . that ultimately produced the final economic injury' is located." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84–85 (2d Cir. 2001) (quoting *Bank Brussels*

*Lambert*, 171 F.3d at 792). Moreover, the substantial-revenue requirement is "designed to narrow the long-arm reach to preclude the exercise of jurisdiction over nondomiciliaries who might cause direct, foreseeable injury within the State but whose business operations are of a local character." *LaMarca v. Pak-Mor Mfg. Co.*, 735 N.E.2d 883, 886–87 (N.Y. 2000) (citation and internal quotation marks omitted).

The complaint alleges that Plaintiff originally felt the effect of Defendants' conduct in Nebraska. It was there that Plaintiff incurred legal expenses defending against the State Court Lawsuit. Dkt. No. 1 ¶ 171. And it was there that Plaintiff suffered the harm from its co-counsel and clients withdrawing from the Federal Lawsuit. *Id.* ¶¶ 135–36, 140, 156, 158. In seeking to establish personal jurisdiction under C.P.L.R. 302(a)(3), Plaintiff alleges simply that it is based in New York and that "a lawsuit anywhere in the U.S. may have consequences to that lawyer in any state in which he practices." Dkt. No. 13 at 5. But a plaintiff's mere residence or domicile in New York is plainly insufficient to confer personal jurisdiction under C.P.L.R. 302(a)(3). *See Troma Ent., Inc.*, 729 F.3d at 218. In addition, Plaintiff has not alleged that Defendants enjoy any revenue from New York or from interstate or international commerce, which independently precludes finding personal jurisdiction under subsection 302(a)(3).

The Court thus lacks both general and specific jurisdiction.

Having concluded that personal jurisdiction is lacking under New York law, the Court need not address Defendants' alternative arguments regarding venue and transferring the case to the United States District Court for the District of Nevada.

## CONCLUSION

Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED and the case is DISMISSED without prejudice.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: December 9, 2025
      New York, New York

                                      LEWIS J. LIMAN
                                United States District Judge

9